IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY,<br><br>               Plaintiff,<br><br>    v.<br><br>STATE FARM INSURANCE COMPANY,<br><br>              Defendant. | **8:15CV406**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court *sua sponte*. This is an action for damages for alleged breach of contract and bad faith denial of insurance claims in connection with roof repairs. The plaintiff has assignments of roof-repair claims from a number of the defendant's insureds. On October 7, 2016, the magistrate judge held a hearing on the issue of appointment of a special master. The court has been informed that the parties are amenable to the appointment of Michael F. Kinney as special master although there is not agreement concerning his compensation by both parties.

Pursuant to Rules 16, 26, and 53 of the Federal Rules of Civil Procedure and the inherent authority of the court to supervise and administer pending cases, the court finds the appointment of a special master will aid the resolution of this case and the formulation of a fair and efficient plan for the management of this case, and potentially the resolution of related cases.[1]

---

[1] Several cases involving the same issue are presently pending in this court. *See Valley Boys, Inc. v. Assurant, Inc.*, Case No. 15-cv-149; *Valley Boys, Inc. v. Western Iowa Mut. Ins. Ass'n*, Case No. 15-cv-154; *Valley Boys, Inc. v. Liberty Mutual Insurance Company,* Case No. 15-cv-163; *Valley Boys, Inc. v. Safeco Insurance,* Case No. 15-cv-164; and *Valley Boys, Inc. v. Allstate Ins. Co.*, Case No. 14-cv-3148.

The court finds that the special master shall bill the parties monthly and that his fees shall be paid equally by the defendant and the plaintiff. At the conclusion of the case either party may request reapportionment of the special master's fees based on the case's ultimate resolution.

The court further finds Mr. Kinney should be granted an exemption from fees imposed by the Judicial Conference's Electronic Public Access fee schedule with respect to the electronic case files of this court that are available through the PACER System.

The record shows Mr. Kinney has filed an affidavit, pursuant to Fed. R. Civ. P. 53(b)(3)(A), disclosing that he is not aware of any grounds that would result in disqualification under 28 U.S.C. § 455. See Filing No. 36. The court has considered Michael Kinney's qualifications to serve as special master and finds him highly qualified. Nothing in this order abrogates the litigants' rights to a trial by jury or appellate rights.

Accordingly,

IT IS ORDERED:

1. Michael F. Kinney is appointed Special Master for the purpose of assisting the court in the resolution and management of this case;

2. The Special Master shall bill the parties monthly and his fees shall be timely paid divided equally between the defendant and the plaintiff.

3. Subject to any specifications or limitations stated in this Order, the Special Master shall have all the rights, powers, and duties as provided for a master under Rule 53 of the Federal Rules of Civil Procedure;

4. The Special Master may conduct meetings with counsel and parties jointly or *ex parte*.

5. Special Master Michael F. Kinney is instructed to:

(a) examine the pleadings, briefs, and evidence submitted by the parties;

(b) determine whether and to what extent there are any pre assignment bad-faith claims;

(c) determine the best way to approach the damages from a categorical standpoint, i.e., to determine whether certain categories of claims, materials, and scope of work are common to the individual assignments, in order to expeditiously resolve property loss issues; and

(d) determine an expeditious progression of discovery and pursue settlement discussions.

6. Mr. Kinney is authorized to look into any other matters that may arise and may employ a construction expert and a paralegal if the Special Master reasonably deems them necessary to assist the Special Master in accordance with this Order. Such persons shall be under the Special Master's supervision and control and the Special Master shall take appropriate action to ensure that these persons observe the terms of this Order and preserve the confidentiality of matters submitted to the Special Master for review. When identified, the expert will be granted judicial immunity from civil liability and from compelled testimony.

7. Mr. Kinney is authorized to utilize the services of one of Judge Joseph Bataillon's law clerks for research or other reasonably necessary services;

8. Mr. Kinney shall bill the parties directly for his services;

9. Mr. Kinney shall report to the court every 45 days and shall ultimately prepare findings and recommendations for submission to the court within six months of the date of this order. Pursuant to Fed. R. Civ. P. 53 (f), the parties will be afforded notice and an opportunity to be heard before the court takes action on the Special

Master's order, report or recommendations.

10. The Clerk of Court is directed to send this order to:

Michael F. Kinney
Cassem, Tierney, Adams, Gotch & Douglas
9290 West Dodge Rd., Suite 302
Omaha NE 68114

11. The Clerk of Court shall establish a PACER login and password for Mr. Kinney's use during the course of his appointment. This exemption is valid for the duration of this case and during any appeal, but the court may revoke the exemption at any time. Special Master Kinney agrees that he will not transfer or sell for profit the data obtained as the result of a fee exemption.

12. The Clerk of Court is directed to send a copy of this order to the PACER Service Center in San Antonio, Texas, so that Mr. Kinney is not billed for PACER fees incurred during the course of his appointment.

13. Upon receipt of this Order, and after conferring with the court, the Special Master shall set a time and place for a first meeting of counsel for the parties to be held within 21 days of the date of this Order.

14. The Special Master shall perform such additional duties with respect to this case as the court may direct.

Dated this 22nd day of December, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge