IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation;<br><br>              Plaintiff,<br><br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>              Defendant. | **8:15CV406**<br><br>**ORDER** |

      This matter is before the court on the recommendations of the Special Master.

The court finds the recommendations should be adopted. Accordingly,

      IT IS HEREBY ORDERED:

| | |
|---|---|
| February 13, 2017 | Spreadsheet to be completed by plaintiff and served on defendant and Special Master. |
| February 20, 2017 | Both parties to identify with blind e-mail to Special Master the names of up to three (3) homeowner claims they wish to include in discovery in this process as well as up to three (3) individuals they wish to depose in each of the cases identified. If the names of the individuals are not presently known, the title of the individual will be substituted to the extent possible.<br><br>Parties will also serve Requests for Production of Documents ("Initial RFPs") by this date in each of the up to three (3) cases they identify as wanting to conduct discovery in. |
| February 27, 2017 | Deadline for defendant to supplement plaintiff's spreadsheet.<br><br>Parties are to submit whatever Requests for Production ("Backside RFPs") they choose in |

|  |  |
|---|---|
|  | the cases identified by the other party as one to be included in the discovery. As an example, if plaintiff were to identify the *Hanson* case as one they wish to conduct discovery in, plaintiff would serve the Initial RFP from the *Hanson* file on 2/20/17. Defendant would then produce its Backside RFP for documents possessed by plaintiff in the *Hanson* file by 2/27/17 |
| March 2, 2017 | Objections to initial RFPs due. |
| March 9, 2017 | Objections to Backside RFPs due. |
| March 20, 2017 | All discovery responses due that were not objected to or have been ruled on by the Court. |
| April 10, 2017 | Depositions to start. |
| May 19, 2017 | Depositions to conclude. |
| June 6, 2017 | Deposition summaries, if any, due to Special Master. |
| June 19, 2017 | Parties and Special Master will convene in Omaha, Nebraska, at 9:00 a.m. at a place to be determined for purposes of "closing arguments" or any other reason requested by the Special Master or the parties. |

SPREADSHEET:

The spreadsheet to be submitted by plaintiff shall include the following columns:

1. Name of insured;

2. Address of insured;

3. State Farm claim number, if known;

4. Date of loss;

5. Whether plaintiff possesses an Assignment or Authorization to Proceed, or both, and the date of said document;

2

6. Blank column for State Farm response to Column 5;

7. Deductible;

8. Blank column for State Farm response to Column 7;

9. Amount paid by State Farm;

10. Blank column for State Farm response, if necessary, to Column 9;

11. Remaining amount claimed by plaintiff;

12. Breakdown of remaining amount claimed by plaintiff (e.g., amounts claimed for roof, siding, gutters, windows and miscellaneous);

13. GCOP amount claimed by plaintiff, and whether GCOP has already been paid by State Farm and, if so, in what amount;

14. Blank column for State Farm response to Column 13;

<u>DISCOVERY:</u>

Discovery will be limited during the next six months to Requests for Production of Documents ("RFPs") and depositions. If plaintiff seeks defendant's "claim file" it shall be understood that includes all documents commonly contained within homeowner insurance claim files, including activity logs.

The parties have been encouraged to limit their discovery to those items reasonably anticipated as being within the scope of the Court's Memorandum and Order dated December 22, 2016. Because discovery will be limited to some extent, the parties have been advised that they may conduct further discovery in their selected three (3) cases and may re-depose selected individuals in those three (3) cases to a further point and at a later date as long as such discovery/deposition is not repetitious and redundant of what has already occurred by that time.

In addition, at the conclusion of this Special Master process, if this litigation is not successfully resolved, the parties are not waiving the right to conduct further discovery involving the six (6) chosen cases as well as the other remaining cases in the approximate number of 113 (see Ex. "A", attached to plaintiff's Complaint).

DEPOSITIONS:

The deposition summaries to be provided to the Special Master shall include only that which the providing party wants the Special Master to be aware of from that party's perspective. It will be incumbent upon each party to identify anything of importance from the depositions by both recitation of the testimony and cite to the deposition. It is preferred that such summaries be provided on an ongoing basis as the depositions occur, rather than all coming at the time discovery closes.

If a party wishes to depose someone who does not reside in the State of Nebraska, but is a current employee of defendant, the parties are urged to work out a convenient location for said deposition and travel costs, if any. If the parties are unable to come to an agreement, they may petition the Court, through the Special Master, for a ruling on who bears the cost of travel of the witness for such deposition.

Dated this 24th day of January, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge